GRADA PETERSON, FORMERLY GRADA ROETMAN v.
SCHOOL DISTRICT NO. 14, ROSEAU COUNTY.[1]

March 27, 1925.

No. 24,303.

**Question for jury whether school teacher presented checks to bank within reasonable time.**

A school teacher received in exchange for school orders issued to her for wages, two checks drawn by the district treasurer on a bank located several miles from the place where she taught and boarded. She held them for three days while she continued to teach before she attempted to present them to the bank for payment. *Held* that it was for the jury to determine whether the checks were presented within a reasonable time.

*Headnote. See Bills and Notes, 8 C. J. p. 1070, § 1390.

Action in the district court for Roseau county to recover on school district orders. The case was tried before Watts, J., and a jury which returned a verdict in favor of plaintiff. Defendant's motion for judgment notwithstanding the verdict was denied and it appealed from the judgment. Affirmed.

*Ole J. Vaule* and *William P. Murphy*, for appellant.

*G. M. Stebbins* and *F. A. Grady*, for respondent.

LEES, C.

Two school orders issued to plaintiff by defendant's treasurer in payment of her wages as a teacher were not paid for want of funds. Thereafter the treasurer gave plaintiff two checks drawn on a bank at Badger, Minnesota, in exchange for the orders. She received one of the checks on Monday, April 10, 1922, and the other the next day. She did not present them for payment prior to April 15, 1922. The bank was insolvent on that day and the state bank examiner took charge of it. Plaintiff then brought suit to recover on the orders and obtained a verdict. Defendant moved for judgment

[1]Reported in 203 N. W. 46.

notwithstanding the verdict. Its motion was denied and it has appealed from the judgment.

The only defense pleaded was that plaintiff had failed to present the checks for payment within a reasonable time.

The school in which plaintiff taught was about 4½ miles and the place where she boarded about 5½ miles from the village of Badger. When not teaching she lived with her parents in the village. She taught school on April 10, 11, 12 and 13. April 14 was Good Friday. The bank was not open for business and plaintiff did not teach on that day. Plaintiff testified that in the morning of Saturday, April 15, she learned that the bank had been closed and that she could not cash her checks. In these circumstances, should it be held that as a matter of law plaintiff failed to present the checks within a reasonable time after she received them?

The Negotiable Instruments Act, section 186 (section 7229, G. S. 1923), provides that a check must be presented for payment within a reasonable time after its issue or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay; and section 193 (section 7237, G. S. 1923), provides that, in determining what is a reasonable time, regard is to be had to the nature of the instrument, the usage of trade or business (if any) with respect to such instruments, and the facts of the particular case.

Defendant relies on the rule that, in the absence of special circumstances, due diligence requires a person who receives a check drawn on a bank located at the place where he resides or does business, to present the check for payment not later than the next business day after it is received. 5 R. C. L. 509; 8 C. J. p. 540. In Richardson G. S. Co. v. East Hennepin State Bank, 143 Minn. 420, 174 N. W. 415, the court said that this rule has the virtue of certainty, but that what is due diligence is usually a question of fact rather than one of law.

The circumstances of this case are peculiar. It was plaintiff's duty to teach every week day except Saturday and legal holidays. Section 2872, G. S. 1923. The school's closing hour was 3:30 p. m. and the bank's 4 p. m. She could not make presentment of her

checks before Saturday, April 15, unless she employed some one to go to the bank for her or closed her school for a day and went herself. It can hardly be assumed that the defendant expected or intended that she should suspend teaching in order to go to Badger to cash the checks, or that she would employ a messenger to present them for her.

Whether an act was done within a reasonable time is usually a question for the jury, and the facts of this case would not justify the withdrawal of the question from the jury.

The statute does not say that the holder of a check must present it for payment at the earliest opportunity. It requires presentment to be made within a reasonable time, and it declares in effect that the facts of the particular case must be considered in determining whether the presentment was made within a reasonable time.

Business usages are also to be considered, but none were proved. Moreover, it would be unreasonable to charge a young woman teaching a country school with the knowledge of usages which might properly be ascribed to men actively engaged in business.

Judgment affirmed.