## CHARLES RUSSELL v. HARRY I. BUXTON.[1]

July 3, 1930.

No. 27,982.

*Wright, Nelson & Plunkett,* for appellant.
*Sasse, French & Dunnette,* for respondent.

WILSON, C. J.

Defendant appealed from an order denying his alternative motion for judgment non obstante or a new trial.

Plaintiff, a farmer, lives about seven and one-half miles from Austin. On Tuesday, November 27, 1928, at about four o'clock p. m.

[1]Reported in 231 N. W. 789.

defendant gave plaintiff a check of $82.50 for a cow. The check was drawn on Farmers & Merchants State Bank at Austin. The next day, Wednesday, plaintiff stacked corn fodder. Thursday was Thanksgiving Day. On Friday and Saturday plaintiff again stacked corn fodder. The next day was Sunday. Monday, December 3, 1928, plaintiff went to Austin and about four o'clock p. m. deposited the check to his credit in the Austin National Bank, where plaintiff carried his bank account. On the following day, Tuesday, December 4, 1928, the drawee bank failed to open. The Austin National Bank therefore could not collect the check and so charged it back to plaintiff's account. From the date of the check up to December 4, 1928, defendant had sufficient money in the drawee bank to pay the check. The check has never been paid. Plaintiff owns an automobile, and there is a good graveled road from his farm home to Austin.

In this state a check must be presented for payment within a reasonable time after its issue and delivery or the drawer will be discharged from liability thereon to the extent of the loss caused by the delay. G. S. 1923 (2 Mason, 1927) § 7229. Regard must be had of the facts in each particular case. G. S. 1923 (2 Mason, 1927) § 7237. Delay is excusable when it is caused by circumstances beyond the control of the holder and not imputable to his default, misconduct, or negligence. G. S. 1923 (2 Mason, 1927) § 7202; Commercial Inv. Trust v. Lundgren-Wittensten Co. 173 Minn. 83, 216 N. W. 531, 56 A. L. R. 492.

The rule applicable to the drawee and holder who lived in the same city, as stated in Commercial Inv. Trust v. Lundgren-Wittensten Co. 173 Minn. 83, 216 N. W. 531, 56 A. L. R. 492, requiring the holder to present the check for payment not later than the next business day after it is received, is not applicable to the parties to this action since they do not live in the same city. Nor does the statute say that one situated as plaintiff must present the check at the earliest opportunity. Each case must rest on its own facts. What is a reasonable time for presentment when the drawer and holder do not live in the same city is usually a question of fact under all the circumstances of the particular case.

We are of the opinion that the question as to whether or not the check in this case under all the circumstances was presented for payment within a reasonable time was for the jury. Peterson v. School Dist. No. 14, 162 Minn. 357, 203 N. W. 46; Commercial Inv. Trust v. Lundgren-Wittensten Co. 173 Minn. 83, 216 N. W. 531, 56 A. L. R. 492.

Affirmed.